(No. 48332-33 cons.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RITA KLICK *et al.*, Appellees.

*Opinion filed April 5, 1977.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon, Mary Ellen Dienes, and David A. Novoselsky, Assistant State's Attorneys, of counsel), for the People.

George Patrick Lynch and Robert P. Sheridan, of Chicago (Michael Berkos, of counsel), for appellees.

MR. JUSTICE MORAN delivered the opinion of the court:

Defendants, Rita Klick and Stanley Rudzinski, were charged in separate complaints with disorderly conduct in that they knowingly made a telephone call or calls with the intent to annoy another in violation of section 26—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 26—1(a)(2)). The circuit court of Cook County granted defendants' motions to dismiss on the grounds that section 26—1(a)(2) is unconstitutional. The

State has appealed pursuant to Rule 302(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 302(a)(1)), and the cases have been consolidated for the purpose of disposition.

Section 26—1(a)(2) provides:

> "(a) A person commits disorderly conduct when he knowingly:
> ***
> (2) With intent to annoy another, makes a telephone call, whether or not conversation thereby ensues;
> ***."

Defendant Klick initially moved to dismiss the complaint, and later amended the motion to challenge the section's constitutionality arguing that it was impermissibly vague and overly broad, depriving her of due process and infringing on conduct protected by the first amendment to the United States Constitution. Following submission of defendant's written memorandum and presentation of oral argument, the trial court found section 26—1(a)(2) to be overly broad and, therefore, violative of the first and fourteenth amendments to the United States Constitution. The court thereafter dismissed the complaint against Klick and the later complaint brought against Rudzinski.

The State contends that section 26—1(a)(2) is neither impermissibly vague nor overly broad. Because of our finding, only the latter assertion will be discussed.

The State argues that section 26—1(a)(2) is not overly broad in that it merely regulates conduct and does not deprive citizens of their first amendment freedoms, such as freedom of speech. It asserts that, to the extent this section does infringe upon first amendment freedoms, the infringement is justified, for the legislature has a legitimate interest in protecting an individual's privacy at home from unwanted telephonic intrusions.

In claiming the section to be overly broad, defendants argue that it deprives them of first amendment freedoms and makes criminal otherwise protected conduct. We agree.

A statute is overly broad if it may reasonably be interpreted to prohibit conduct which is constitutionally protected. (*Grayned v. City of Rockford* (1972), 408 U.S. 104, 114-15, 33 L. Ed. 2d 222, 231, 92 S. Ct. 2294; *People v. Schwartz* (1976), 64 Ill. 2d 275, 282.) In attempting to control or prevent activities which are subject to State regulation, the legislature must not use means which sweep too broadly and thereby penetrate the area of protected freedoms. (*Zwickler v. Koota* (1967), 389 U.S. 241, 250, 19 L. Ed. 2d 444, 451, 88 S. Ct. 391; *People v. Ridens* (1974), 59 Ill. 2d 362, 370.) When legislative goals can be achieved by means that avoid stifling fundamental personal liberties, then that course must be chosen. *Elfbrandt v. Russell* (1966), 384 U.S. 11, 18, 16 L. Ed. 2d 321, 326, 86 S. Ct. 1238; *People v. Ridens* (1974), 59 Ill. 2d 362, 370.

Certainly, the State has a legitimate interest in protecting the privacy of citizens from certain types of perverse telephone calls. As is evident from the committee comments, section 26—1(a)(2) was designed to prevent the intentional harassment of another by telephone. (Ill. Ann. Stat., ch. 38, par. 26—1(a), Committee Comments, at 597 (Smith-Hurd 1970).) Presumably it was the legislature's intent to ban the type of unreasonable conduct which by its very nature attacks the individual's peace of mind and solitude: *e.g.,* terror caused to an unsuspecting person when he or she answers the telephone, perhaps late at night, to hear nothing but a tirade of threats, curses, and obscenities, or, equally frightening, to hear only heavy breathing or groaning. Clearly, this is not the type of conduct which is protected by the first amendment.

Section 26—1(a)(2), however, is not limited to only these or similar types of unreasonable conduct. It applies to any call made with the intent to annoy. Unlike the objective standard employed in section 26—1(a)(1) (see *People v. Raby* (1968), 40 Ill. 2d 392, 395-98), section 26—1(a)(2) could apply to conduct other than that which

might provoke a breach of the peace. The act constituting the offense is complete when the call is made, regardless of the character of the conduct that subsequently occurs. The State, however, urges that implicit in this section is the requirement that the call be made in an unreasonable manner. To adopt the State's position, it would be necessary to supply an additional provision to the otherwise clear and unambiguous language of section 26—1(a)(2). This we cannot do. *People v. Flaherty* (1947), 396 Ill. 304, 312-13.

By making the call itself the criminal act—not the language used or the method employed to harass—the legislature has attempted to avoid infringing on protected speech. But the means they have chosen to reach unprotected conduct sweeps too broadly, and, in fact, makes criminal conduct protected by the first amendment, *i.e.,* the right to communicate to another in a reasonable manner.

We do not suggest that the first amendment gives one the unlimited right to annoy another, by speech or otherwise. There are, however, many instances when, without breaching the peace, one may communicate with another with the possible intention of causing a slight annoyance in order to emphasize an idea or opinion, or to prompt a desired course of action that one is legitimately entitled to seek. Conceivably, this section could make criminal a single telephone call made by a consumer who wishes to express his dissatisfaction over the performance of a product or service; a call by a businessman disturbed with another's failure to perform a contractual obligation; by an irate citizen, perturbed with the state of public affairs, who desires to express his opinion to a public official; or by an individual bickering over family matters. First amendment protection is not limited to amiable communications. (See *Norwell v. City of Cincinnati* (1973), 414 U.S. 14, 38 L. Ed. 2d 170, 94 S. Ct. 187; *Gooding v. Wilson* (1972), 405 U.S. 518, 31 L. Ed. 2d 408, 92 S. Ct. 1103; *Terminiello v. City of Chicago*

(1948), 337 U.S. 1, 93 L. Ed. 1131, 69 S. Ct. 894; *Chaplinsky v. New Hampshire* (1942), 315 U.S. 568, 86 L. Ed. 1031, 62 S. Ct. 766.) Arguing with another, for example, is not disorderly conduct *per se. City of Chicago v. Morris* (1970), 47 Ill. 2d 226, 231.

The legislature cannot abridge one's first amendment freedoms merely to avoid slight annoyances caused to others. (See *Coates v. City of Cincinnati* (1971), 402 U.S. 611, 615-16, 29 L. Ed. 2d 214, 218, 91 S. Ct. 1686.) Section 26—1(a)(2), however, by its very terms, would proscribe any call made with the intent to annoy, regardless of its purpose or nature. It would daily subject countless callers to the stigmatization of the criminal process at the election of their listeners who might perceive the call as having been made with the intent to annoy. Such an unlimited intrusion on first amendment freedom is not permitted.

The State argues, nevertheless, that one's right to communicate must be balanced against another's right to privacy in his home. In answer to this contention, we first observe that section 26—1(a)(2) is applicable to all phone calls, not .only calls to persons in the privacy of their homes. Moreover, "The ability of government, consonant with the Constitution, to shut off discourse solely to protect others from hearing it is *** dependent upon a showing that substantial privacy interests are being invaded in an essentially intolerable manner." (*Cohen v. California* (1971), 403 U.S. 15, 21, 29 L. Ed. 2d 284, 291, 91 S. Ct. 1780.) The State has not made such a showing in this case, and the statute on its face is not limited to only conduct which might be deemed "intolerable." We conclude that section 26—1(a)(2) makes criminal conduct that is protected by the first and fourteenth amendments to the United States Constitution and is, therefore, overly broad.

Accordingly, the trial court's decision is affirmed.
*Judgment affirmed.*