STATE, Plaintiff-Appellant, v. DRONSO,
Defendant-Respondent.

Court of Appeals

No. 78–701–CR. *Submitted on briefs April 10, 1979.—*
*Decided April 30, 1979.*
(Also reported in 279 N.W.2d 710.)

For the plaintiff-appellant the cause was submitted on the briefs of *Kirbie Knutson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the defendant-respondent the cause was submitted on the briefs of *James M. Shellow* and *Joan P. Clark* of *Shellow & Shellow,* Milwaukee.

Before Decker, C.J., Cannon, P.J., and Moser, Jr.

MOSER, J. On April 6, 1978, the defendant, John Dronso, was charged with five counts of disorderly conduct contrary to sec. 947.01(2), Stats.[1] According to the complaint, Dronso had made several telephone calls to his wife and her relatives.

On one occasion Dronso allegedly called his wife's mother and, upon being told that his wife was not with her mother, said, "I want my money not your son-of-a-bitching fucking daughter, I just want my money." Dronso is also alleged to have called his wife's brother and said "Tonight your van is going to blow up."

Dronso allegedly called his wife three times and made the following three statements: "A bullet"; "Thirteen Thousand Five Hundred"; and "Ride scared." The complaint also stated that Dronso made numerous calls to his wife's parents' home, and when the phone was answered, he coughed, whistled, sang or made unintelligible statements. Dronso's wife and her relatives stated that they were annoyed by the calls.

On May 18, 1978, Dronso made a motion to dismiss the prosecution on the grounds that the statute under which he was charged was unconstitutionally vague and overbroad and that the court lacked jurisdiction to hear the case. A hearing on the motion was held in the county court for Milwaukee county on May 22, 1978. Following the hearing and consideration of briefs, the county court, the Hon. Frederick P. Kessler, presiding, held that sec. 947.01(2), Stats., is unconstitutionally overbroad in

---

[1] Sec. 947.01 Disorderly conduct. Whoever does any of the following may be fined not more than $200 or imprisoned not more than 90 days or both:

. . . .

(2) With intent to annoy another, makes a telephone call, whether or not conversation ensues.

violation of the first and fourteenth amendments of the United States Constitution and art. I, §§1 and 3 of the Wisconsin Constitution. This order was filed June 14, 1978. The state appealed that order to the circuit court.

On appeal to the circuit court for Milwaukee county, the county court's judgment was affirmed. The circuit court, the Hon. Victor Manian, presiding, held that Dronso had standing to challenge the constitutionality of sec. 947.01(2) Stats., and that that statute is unconstitutional on its face as it is vague and overbroad in violation of the first amendment of the United States Constitution and art. I, §3 of the Wisconsin Constitution. The circuit court's memorandum decision was appealed to this court.

The issue framed by the state is thus: Is sec. 947.01(2), Stats., which proscribes making a telephone call with intent to annoy another, whether or not conversation ensues, unconstitutionally vague and overbroad?

## STANDING

■

Generally, litigants to whom a statute constitutionally applies, cannot challenge the constitutionality of the statute, if the same, by hypothesis, could be applied to others unconstitutionally.[2] One exception to this general rule is where the issue before the court is the first amendment free speech rights.[3] Here courts permit defendants, such as Dronso, to attack overly broad statutes with no requirement that the challenger demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.[4] Courts entertain such

---

[2] *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973); *Tronca v. State*, 84 Wis.2d 68, 86, 267 N.W.2d 216, 224 (1978).

[3] *Dombrowski v. Pfister*, 380 U.S. 479, 486 (1965).

[4] *Dombrowski, supra* at 486; *Broadrick, supra* at 612.

challenges because, where a statute is overbroad, it will chill legitimate activities[5] and cause others to refrain from a legitimate exercise of free speech.[6]

Overbreadth claims have been entertained by courts in cases involving statutes seeking to regulate only spoken words[7] or to regulate the time, place and manner of expressive or communicative conduct.[8] Courts, in looking to overbreadth, must proceed with caution and restraint as invalidation may result in unnecessary interference with a state regulatory program. In accommodating the competing interests of interference with legitimate state regulatory power and first amendment free speech rights, courts must note that: (1) a state statute should not be deemed facially invalid for overbreadth unless it is not readily subject to a narrowing construction by the state courts,[9] and (2) its deterrent effect on legitimate expression must be both real and substantial.[10] The state concedes that Dronso has standing to challenge sec. 947.01 (2), Stats., on grounds of overbreadth for a violation of first amendment free speech rights, and further that the statute is overbroad on its face as it regulates free speech. The respondent agrees and states, quite naturally, that these concessions end the case as the statute is unconstitutional.

## NARROWING CONSTRUCTION

Dronso's first amendment challenge to overbreadth against sec. 947.01(2), Stats., falls within the exception

---

[5] *Tronca, supra* at 89, 267 N.W.2d at 225.

[6] *Broadrick, supra* at 612; *Herzbrun v. Milwaukee County*, 504 F.2d 1189, 1193 (7th Cir. 1974).

[7] *Gooding v. Wilson*, 405 U.S. 518, 520 (1972).

[8] *Grayned v. City of Rockford*, 408 U.S. 104, 114 (1972).

[9] *Dombrowski, supra* at 497; *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216 (1975).

[10] *Broadrick, supra* at 615; *Erznoznik, supra.*

to the general rule. Courts must entertain his challenge as it involves first amendment free speech rights. Those rights must be weighed with caution against the state's legitimate regulatory power. Once a court reaches this point, it must bear in mind that a state statute should not be held to be invalid unless it is not readily subject to a narrowing construction.[11] Courts have a duty to construe statutes so as to render them constitutional whenever possible.[12]

■

Regarding sec. 947.01(2), Stats., there is little to establish legislative intent via its legislative history.[13] Legislative intent is important because it is the function of the judiciary to construe statutes in such a manner as to avoid making new law. Courts are empowered to construe statutes, but not to legislate.[14]

Here the state would have this court uphold the constitutionality of sec. 947.01(2), Stats., by interpreting the operative words "intent to annoy" to mean and include the following: obscene or lewd language employed, threats of injury to people or damage to property, attempts to extort money, or invasion of privacy through repeated calls. Apparently it is the state's contention that this kind of interpretation of the operative words "intent to annoy" found in the statute is a constitutionally valid method of narrowing its construction. Such is not the case.

■

For a court to make a determination in this manner, it would excessively broaden the scope of the words "intent to annoy" to the point of judicial legislation in its

---

[11] *Erznoznik, supra.*

[12] *Gottlieb v. Milwaukee*, 33 Wis.2d 408, 415, 147 N.W.2d 633, 637 (1967); *Swain v. Pressley*, 430 U.S. 372, 378, n.11 (1977).

[13] Wisconsin Legislative Council, 1955 Report, Vol. IX, Criminal Code; Platz, *The Criminal Code*, 1956 Wis. Law Review 350, 381.

[14] *Rogers-Ruger Co. v. Murray*, 115 Wis. 267, 271, 91 N.W. 675 (1902).

worst form. This statute is not readily subject to a narrowing construction as required. Thus, sec. 947.01(2), Stats., appears to be facially overbroad.

## REAL AND SUBSTANTIAL

The other criteria is whether the deterrent effect on legitimate expression is real and substantial.[15] The overbreadth doctrine is strong medicine. Overbreadth must not only be real but substantial as well, judged in relation to the plainly legitimate sweep of sec. 947.01(2), Stats.[16] The problem of overbreadth arises when the language of the statute, given its normal meaning, is so overbroad that the sanctions may apply to conduct which the state is not entitled to regulate.[17]

A statute or ordinance that may result in a fine or incarceration for three or more persons standing on a sidewalk, at a street corner, in a vacant lot, or at the mouth of an alley so as to annoy passers-by is overbroad because it authorizes punishment of freedom of assembly, constitutionally protected conduct.[18] Such a statute is overbroad even though the conduct proscribed is "annoying" to others.[19] This is a real and substantial overbreadth.

A statute which subjects a telephone caller to criminal sanctions of fine or imprisonment for calling with intent to annoy, whether or not conversation ensues, is overbroad as it may reasonably be interpreted to prohibit free speech which is constitutionally protected by both the

---

[15] *Erznoznik, supra.*

[16] *Herzbrun, supra; Tronca, supra* at 90, 267 N.W. at 226.

[17] *Tronca, supra* at 88–89, 267 N.W.2d at 225.

[18] *Coates v. Cincinnati,* 402 U.S. 611 (1971).

[19] *Coates, supra* at 615.

United States and Wisconsin Constitutions.[20] The reason this statute sweeps too broadly is that there are times when citizens make legitimate calls with the intent to annoy the recipient of the call, e.g., a consumer calling the seller or producer of a product to express dissatisfaction of product performance, a businessman calling another to protest failure to perform a contractual obligation, a constituent calling his legislator to protest the legislator's stand on an issue, etc.[21] These types of calls would all come under the broad sweep of the statute. Such proscription would be a real and substantial interference with free speech.[22]

There are all hypothetical cases which Dronso can employ to challenge sec. 947.01(2), Stats., for overbreadth, which are real and substantial interferences with protected free speech, which would chill legitimate activities[23] and cause others to refrain from legitimate exercise of free speech.[24]

Nothing can save this statute from the overbreadth attack. Because of our determination of the unconstitutional overbreadth of sec. 947.01(2), Stats., we need not determine the vagueness issues here presented.

In concluding that sec. 947.01(2), Stats., is overbroad we do not deprecate the legislative interest in the subject of the statute. We hold only that the statute, as drawn, is overbroad and does not satisfy the rigorous constitutional standards that must be applied when free speech rights are the subject of regulation. When these rights are at stake, we emphasize that precision in drafting and clarity of purpose are essential.[25] It might be well for

[20] *People v. Klick,* 66 Ill.2d 269, 362 N.E.2d 329, 331 (1977); U.S. Const. amend. I and XIV; Wis. Const. art. I, §3.

[21] *Klick, supra,* 362 N.E.2d at 331–32.

[22] *See* n.10, *supra.*

[23] *See* nn.5 & 8, *supra.*

[24] *See* nn.6 & 7, *supra.*

[25] *Erznoznik, supra* at 218–19.

future legislators to look to other states for proper statutory construction.[26]

*By the Court.*—Judgment affirmed.

[26] Ariz. Rev. Stat. Anno. §13–895A; *State v. Hagen*, 27 Ariz. App. 722, 558 P.2d 750 (1976); Iowa Code §714.37; *State v. Jaeger*, 249 N.W.2d 688, 689 (Iowa 1977).