No. 80–5134.   GORMLEY *v.* DIRECTOR, CONNECTICUT STATE DEPARTMENT OF ADULT PROBATION, ET AL.   C. A. 2d Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

Under Connecticut law, a person is guilty of a misdemeanor when "with intent to harass, annoy or alarm another person, he makes a telephone call, whether or not a conversation ensues, in a manner likely to cause annoyance or alarm." Conn. Gen. Stat. § 53a–183 (a)(3) (1975 rev.).   Petitioner was convicted of violating this statute after she made a telephone call to a woman with whom she had some personal quarrel.   Following an unsuccessful direct appeal in the state courts,[1] petitioner brought a federal habeas corpus action arguing that under the First and Fourteenth Amendments the statute was unconstitutionally overbroad.   The Court of Appeals for the Second Circuit found no constitutional infirmity. The petition for certiorari challenges that judgment.

To be sure, a State has a valid interest in protecting its citizens against unwarranted invasions of privacy.   *Rowan* v. *Post Office Department,* 397 U. S. 728 (1970).   See generally Note, Give Me a Home Where No Salesmen Phone: Telephone Solicitation and the First Amendment, 7 Hastings Const. L. Q. 129 (1979).   This is especially true when unprotected speech, such as obscenity or threats of physical violence, is involved.   But it is equally clear that a State may not pursue these interests by unduly infringing on what would

---

[1] On direct appeal in the state courts, the First Amendment argument presented here was raised in and rejected by the Appellate Session of the Superior Court, *State* v. *Anonymous,* 34 Conn. Supp. 689, 389 A. 2d 1270, appeal denied, 174 Conn. 803, 382 A. 2d 1332 (1978).

otherwise be protected speech. It is therefore critical to recall that speech may be "annoying" without losing its First Amendment protection [2] and that the Connecticut statute on its face criminalizes any telephone call that annoys and was intended to do so. It is not difficult to imagine various clearly protected telephone communications that would fall within the ban of the Connecticut statute.[3] As such it is fairly arguable that the statute is substantially overbroad and hence unconstitutional. *Lewis* v. *New Orleans,* 415 U. S. 130 (1974); *Gooding* v. *Wilson,* 405 U. S. 518 (1972).[4]

Beyond the obvious tension between our prior cases and the judgment below is the difference in opinion among those courts that have considered constitutional challenges to similar state statutes. Contrary to the decision reached by the

---

[2] *Norwell* v. *Cincinnati,* 414 U. S. 14 (1973); *Coates* v. *Cincinnati,* 402 U. S. 611, 615–616 (1971). See *Terminiello* v. *Chicago,* 337 U. S. 1 (1949).

[3] For example, the Supreme Court of Illinois found that a similar statute risked criminal prosecution for a variety of situations involving protected speech.

"Conceivably, this section could make criminal a single telephone call made by a consumer who wishes to express his dissatisfaction over the performance of a product or service; a call by a businessman disturbed with another's failure to perform a contractual obligation; by an irate citizen, perturbed with the state of public affairs, who desires to express his opinion to a public official; or by an individual bickering over family matters." *People* v. *Klick,* 66 Ill. 2d 269, 274, 362 N. E. 2d 329, 331–332 (1977).

[4] Given that the overbreadth may be substantial, petitioner has standing to raise the First Amendment claim even if the words she used were unprotected threats of violence. *Broadrick* v. *Oklahoma,* 413 U. S. 601 (1973). Furthermore, the case was submitted to the jury under an instruction which would have permitted a conviction if petitioner was found to have made *either* an annoying or threatening call with the requisite intent. The general verdict did not reveal on what ground the conviction rested. Even assuming that the facts could have supported a guilty verdict based on petitioner's unprotected speech, petitioner may have been convicted for making a merely annoying communication.

Court of Appeals in this case, state appellate courts have invalidated substantially equivalent provisions as being unconstitutionally overbroad. *People* v. *Klick*, 66 Ill. 2d 269, 362 N. E. 2d 329 (1977) (invalidating statute making it a crime for anyone who "[w]ith intent to annoy another, makes a telephone call, whether or not conversation thereby ensues"); *State* v. *Dronso*, 90 Wis. 2d 149, 279 N. W. 2d 710 (Ct. App. 1979) (same). Another court has invalidated a like statute on the grounds that it was unconstitutionally vague. *State* v. *Blair*, 287 Ore. 519, 601 P. 2d 766 (1979) (statute made it a crime to communicate by telephone "in a manner likely to cause annoyance or alarm" to the receiver). On the other hand, various state courts, like the Connecticut court in this case, have rejected overbreadth challenges to telephone harassment statutes. See, *e. g.*, *State* v. *Elder*, 382 So. 2d 687 (Fla. 1980) (statute prohibiting a person from making a telephone call "whether or not conversation ensues, without disclosing his identity and with intent to annoy, abuse, threaten, or harass any person at the called number"); *Constantino* v. *State*, 243 Ga. 595, 255 S. E. 2d 710 (1979) (prohibiting repeated telephoning "for the purpose of annoying, harassing or molesting another or his family"). See generally *United States* v. *Lampley*, 573 F. 2d 783 (CA3 1978); *People* v. *Smith*, 89 Misc. 2d 789, 392 N. Y. S. 2d 968 (1977). The above cases demonstrate that the state courts are not in agreement concerning application of First Amendment principles in this area of the law.

The foregoing suggests that even if the Court is of the view that the judgment below is correct, there is sufficient reason to grant certiorari and issue a judgment to this effect. Accordingly, I dissent.