Merrimack
No. 2007-356

THE STATE OF NEW HAMPSHIRE

v.

ROBERT THERIAULT

Argued: April 10, 2008
Opinion Issued: May 2, 2008

*Kelly A. Ayotte*, attorney general (*Thomas E. Bocian*, attorney, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

HICKS, J. The defendant, Robert Theriault, appeals a decision of the Superior Court (*Conboy*, J.) denying his motion to dismiss the charges against him. We affirm.

The record supports the following. The defendant was a court security officer at Franklin District Court. At the courthouse on October 31, 2005, he struck up a conversation with a woman and learned that she was in a dire financial situation. Either that day or the following day, the defendant met with the woman and her boyfriend at their motel. There, the defendant offered to pay the couple to engage in sexual intercourse with each other, and explained that he would need to watch them. He was later charged with prostitution, RSA 645:2, I(f) (2007).

Prior to trial, the defendant moved to dismiss the charges against him. The trial court denied the motion, and the defendant was convicted on two

counts. On appeal, the defendant challenges the trial court's denial of his motion to dismiss, arguing that RSA 645:2, I(f) is facially overbroad under the free speech provisions of both the New Hampshire and the Federal Constitutions. *See* N.H. CONST. pt. I, art. 22; U.S. CONST. amends. I, XIV.

[1] Because the issue before us is one of constitutional law, we review it *de novo. State v. MacElman*, 154 N.H. 304, 307 (2006). We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal authority for guidance only. *Id.* at 232-33; *see also State v. Brobst*, 151 N.H. 420, 422-23 (2004) (adopting the reasoning from several federal cases in our overbreadth analysis, making our analyses of the present matter under the State and Federal Constitutions one and the same).

Our overbreadth law is well-defined:

■ The purpose of the overbreadth doctrine is to protect those persons who, although their speech or conduct is constitutionally protected, may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression. While the Constitution gives significant protection from overbroad laws that chill speech within the First Amendment's vast and privileged sphere, the application of the overbreadth doctrine is strong medicine to be employed only as a last resort. Thus, it remains a matter of no little difficulty to determine when a law may properly be held void on its face and when such summary action is inappropriate.

■ To provide guidance in this area the United States Supreme Court has held that the overbreadth of a statute must be real and substantial, judged in relation to the statute's plainly legitimate sweep. The criterion of substantial overbreadth precludes a court from invalidating a statute on its face simply because of the possibility, however slight, that it might be applied in some unconstitutional manner. The substantial overbreadth doctrine applies to constitutional challenges of statutes that prohibit conduct, as well as challenges to those statutes prohibiting pure speech and conduct plus speech.

If a statute is found to be substantially overbroad, the statute must be invalidated unless the court can supply a limiting construction or partial invalidation that narrows the scope of the statute to constitutionally acceptable applications. If, on the other hand, a statute is not substantially overbroad, then whatever

overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied.

*Brobst*, 151 N.H. at 422-23 (quotations, citations, and brackets omitted).

We are also guided in our analysis by the principle that "[i]n reviewing a legislative act, we presume it to be constitutional and will not declare it invalid except upon inescapable grounds." *Baines v. Senate President*, 152 N.H. 124, 133 (2005) (quotation omitted). "In other words, we will not hold a statute to be unconstitutional unless a clear and substantial conflict exists between it and the constitution." *Id.* (quotation omitted).

RSA 645:2, I(f) provides that a person is guilty of a misdemeanor if the person "[p]ays, agrees to pay, or offers to pay another person to engage in sexual contact as defined in RSA 632-A:1, IV or sexual penetration as defined in RSA 632-A:1, V, with the payor *or with another person.*" (Emphasis added.) Sexual contact is defined by RSA 632-A:1, IV (2007) as "the intentional touching whether directly, through clothing, or otherwise, of the victim's or actor's sexual or intimate parts, including breasts and buttocks," and "includes only that aforementioned conduct which can be reasonably construed as being *for the purpose of sexual arousal or gratification.*" (Emphasis added.) RSA 632-A:1, V (2007) enumerates various acts constituting sexual penetration.

The defendant was charged with offering to pay two others to engage in sexual penetration. He argues that RSA 645:2, I(f) is substantially overbroad because it could be applied to criminalize constitutionally permissible activities such as the production of a non-obscene but sexually explicit movie. We disagree and hold that the statute is not substantially overbroad, because the possibility that it might be applied in some unconstitutional manner is exceedingly slight. *See Brobst*, 151 N.H. at 422.

Furthermore, "the overbreadth doctrine's concern with chilling protected speech attenuates as the otherwise protected behavior that it forbids the State to sanction moves from pure speech toward conduct." *MacElman*, 154 N.H. at 311 (quotation omitted). Thus, an overbreadth challenge will rarely succeed against a law not specifically addressed to speech or to conduct that is necessarily associated with speech, such as picketing and demonstrating. *Id.* RSA 645:2, I(f) specifically targets conduct, *i.e.* prostitution, that is neither protected speech nor necessarily associated with speech. The legislature has determined that this conduct—paying others to engage in sexual contact or penetration—is unlawful, and the defendant agrees that the State has a legitimate interest in protecting

its citizens from the effects of such conduct. *Cf. Webb v. State*, 575 N.E.2d 1066, 1070 (Ind. Ct. App. 1991) ("Certainly prostitution is not a constitutionally protected activity . . . ."). Put another way, the criminalization of prostitution is a valid exercise of the State's police power.

■ The defendant contends that the trial court acknowledged that RSA 645:2, I(f) infringes upon constitutionally protected activity and that the trial court created an incongruity in its analysis by adopting a limiting construction. We disagree. The trial court simply found that the statute is "not substantially overbroad in relation to its legitimate sweep as to warrant a declaration that it is invalid." We agree with this conclusion, and, thus, a limiting construction is unnecessary. *See Brobst*, 151 N.H. at 422.

■■ Because we reject the defendant's facial challenge and hold that RSA 645:2, I(f) is not substantially overbroad, any applications of the statute that infringe upon protected conduct, to the extent that such applications exist, may be remedied on a case-by-case basis. *See MacElman*, 154 N.H. at 311. The defendant makes no "as-applied" challenge, nor does he argue that paying or offering to pay two people to engage in sexual intercourse is constitutionally protected activity. We are thus presented with a fact situation to which the sanctions imposed by RSA 645:2, I(f) may be constitutionally applied. *See Brobst*, 151 N.H. at 422-23.

Because the Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances, *see id.; Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973), we reach the same result under the Federal Constitution.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.