**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0405, <u>State of New Hampshire v. Stefan R. Gauthier</u>, the court on March 16, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Stefan Gauthier, appeals his conviction for witness tampering. <u>See</u> RSA 641:5, I(b) (2007). He argues that the Superior Court (<u>McNamara</u>, J.) erred in denying his motion to dismiss because the court failed to articulate a limiting construction of the statute that prohibited his conduct and was not constitutionally overbroad.

"The purpose of the overbreadth doctrine is to protect those persons who, although their speech or conduct is constitutionally protected, may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression." <u>State v. Brobst</u>, 151 N.H. 420, 422 (2004) (quotation omitted). "[T]he overbreadth of a statute must be real and substantial, judged in relation to the statute's plainly legitimate sweep." <u>Id</u>. "The criterion of 'substantial overbreadth' precludes a court from invalidating a statute on its face simply because of the possibility, however slight, that it might be applied in some unconstitutional manner." <u>Id</u>. (quotation omitted). "If a statute is found to be substantially overbroad, the statute must be invalidated unless the court can supply a limiting construction or partial invalidation that narrows the scope of the statute to constitutionally acceptable applications." <u>Id</u>. (quotation omitted).

The defendant was convicted of violating RSA 641:5, I(b), which provides that a person is guilty of a felony if, believing that an official proceeding or investigation is pending, he attempts to induce or otherwise cause a person to withhold any testimony or information. <u>See</u> RSA 651:5, I(b). The record shows that at the close of the evidence, the defendant moved to dismiss, arguing that he "does not surrender or forfeit any of his constitutional rights because he's a state prison inmate . . . under investigation," that the State had proven only that he gave "friendly advice to . . . someone who's also involved in a conspiracy to introduce contraband into the prison," and that he "did not threaten or attempt to coerce or ask [her] to lie."

The trial court construed the defendant's motion as an overbreadth argument. For purposes of ruling on the motion, the court found the statute to be substantially overbroad because it could arguably be applied to an attorney legitimately advising his client not to talk to the police. The court noted, however, that when a statute is substantially overbroad, the issue is whether the court can provide a narrowing construction that is constitutionally acceptable. The court found the statute to be constitutionally acceptable "if it is applied to subjects of a criminal investigation or those potentially involved with subjects of a criminal investigation, speaking to witnesses with the purpose of attempting to induce them not to testify." The defendant did not object to the court's narrowing construction of the statute or to the court's final jury instructions, which set forth the elements of the offense without a narrowing construction.

On appeal, the defendant concedes that "a construction restricting the statute to speech having the purpose of obstructing the course of justice would make the statute constitutional." He argues, however, that the court's limiting construction was flawed because by including not only the subjects of a criminal investigation, but also "those potentially involved with" the subjects of a criminal investigation, the court failed to exclude "[t]he lawyer, the advocate, the friend, and the activist," who "might all be described as being 'potentially involved' with subjects of a criminal investigation."

We will not consider issues that the defendant did not properly raise in the trial court. See State v. Eaton, 162 N.H. 190, 195 (2011). The purpose of this preservation rule is to give the trial court the opportunity to correct any error before it is presented to this court on appeal. See id. In this case, the defendant did not object at trial to the court's limiting construction of the statute or to the court's final jury instructions. Accordingly, we conclude that the issue is not preserved for our review. See id.; see also N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002); Super. Ct. R. Crim. 59-A(1).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**

2